**FILED** KG

2/1/2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

8/31

# UNITED STATES DISTRICT COURT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANA MCCARTHY,

Plaintiff,

vs.                                                            **Case No. 24-cv-00809**

Illinois Department of Children                           Judge Sarah L. Ellis
                                                  Magistrate Judge Jeffrey Gilbert

and Family Services, et al
Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ATTACHMENT TO COMPLAINT

**2005 - present time.** Jennifer Fenske posted claims online and social media that she is the mother of RJM and that I, Ana McCarthy, abducted RJM. I'm the parent of RJM with sole custody.

These claims were also extended to her friends as well as complete strangers, child advocates, that then reacted as "good samaritans". One of them contacted RJM. Plaintiff knows that Jennifer Fenske has downloaded pictures of RJM on her Facebook profile, claiming she is her daughter. Plaintiff contacted Facebook without avail. Jennifer has corresponded to RJM via social media, providing pictures of RJM's childhood. Grooming her.

On August 31, 2015, RJM's birthday and while on vacation, Ana McCarthy and her minor children were detained for hours by the Mt. Prospect Police Department. The Mt. Prospect Police Department falsely accused Ana McCarthy of abducting the RJM. Why? Ana McCarthy is a black-hispanic. RJM is caucasian blonde. Although, Ana McCarthy showed adoption papers, passports, birth certificates, and including papers she had apostille in Illinois (unnecessary in

Illinois) , the Chief of Police accused Ana McCarthy and raided her hotel room, midnight, and then asked her to leave Mount Prospect.

On 2018, Plaintiff had to request the intervention of the United States embassy in Panama after the Panamanian Institute of Forensic Medicine demanded DNA testing, based on the allegation of a "child advocate" who was provided with a post by Jennifer Fenske on a website. The website removed the post, after Plaintiff contacted. The damage was caused.

In 2020 - 2021 Jennifer contacted RJM and painted a picture different than the cruel reality RJM endured as an infant. Jennifer asked RJM to run away to Illinois. RJM, then contacted a "friend" who showed up with his father and stated that they were willing to transport RJM to Illinois. Plaintiff found out. This is the kind of decision that are made by RJM.

RJM who has a marker for autism, has several (mental) diagnosis, product of the abused she endured by Sean Verschoore. She also has kyphoscoliosis, a cognitive disability, and incontinence. RJM is unable to seat for extended periods of time, has an IEP and could attend school only under a 504. She is unable to make sound decisions. Jennifer calls and messages have caused RJM a dissociative reactions. In fact, such episodes were witnessed in 2009 when RJM entered Foster Care. Illinois federal law mandates visitations. RJM had to visit with Jennifer Fenske. This Federal Law should not apply for children, victims of sexual abuse and children severely neglected like RJM.

In 2021, Jennifer contacted RJM. RJM then did not know who she was. The school assigned an unlicensed student teacher, who then began to work as a counselor at a Nefesh Academy. The student, notice RJM's disassociated behavior and began to write her school papers on RJM and other students. Since RJM was experiencing a mental break down, she was taken advantage of. Jennifer told RJM that she had killed her (late) father, US ARMY, Sgt. Michael E. McCarthy.

In 2023 -2024 Apparently, Jennifer Fenske and Elizabeth Verschoore began to contact and provided a sim-card to RJM. RJM ran away from home and became disoriented, dissociative. Jennifer and Elizabeth prompted RJM to ran away while abroad in Israel. RJM is now missing

and a victim of Human Trafficking. Two cases are pending in the US Court and a request for the extradition of the parties.

## BACKGROUND
## RJM ENTERS FOSTER CARE

In April 2?, 2009, RJM was found abandoned by Jennifer and Christopher Wilson.

In 2009  2010, IDCFS opened a criminal investigation against Sean Verschoore, the ex-husband of Jennifer Fenske and the father of Elizabeth Verschoore.

During the fact finding Sean Verschoore was declared incompetent to stand trial and became the recipient of Social Security I. According to Sean's (late) (maternal) aunt, Donna McMenamin, Sean Verschoore had the habit of watching pornography with his daughter (then age 3 and 4), under the parental idea that she needed to learn about sex and claiming that his ex-wife, Jennifer Fenske did not know about sex and did not wipe properly. As part of the records of adoption, there are entires that Sean Verschoore was walking or sadly forcing  his ex-wife on the streets of Chicago in exchange for money. Jennifer asked to take RJM back, as she could not protect RJM. Sean used the influence of his relatives, whiling to keep his secrets. I know because I met Donna often, and Donna's husband, was cousin with my husband. Michael and I had made the decision not to take RJM on the times that Jennifer asked us and to avoid for the situation to become a revolving door. Painful decision, when I saw RJM multiple times and she was gone.

Donna McMenamin handed me ample documentation and detailed information of Jennifer Fenske mental state. Among, the information, she told me who paid for Sean Verschoore to be declared incompetent. According to records, Donna McMenamin, stated that her brother, and specifically said who and wrote it down, had paid for Sean Verschoore to be declared incompetent to stand trial for sexually abusing and sodomizing my infant daughter, RJM. The information was provided to IDCFS including the audio messages. Donna McMenamin, repeated herself over and over.

Therefore, the visitations that did take place from 2009 - 11/2012, traumatized RJM. Upon anticipation of visits, RJM, an infant, 3 y/o, ran away from home, another time, she slept under under the bed. At first the agency did not tell us, but my husband witnessed the reactions during a visit at a McDonald in Aurora, Illinois. RJM panicked while kicking, screaming, biting, scratching Jennifer.

Laurie Todas, the case worker for RJM, documented that RJM once threw the shoes out of the window of her car prior to a visit. RJM cried each time and would not let go of me when Laurie Todas <<Laurel.Todas@illinois.gov>> picked her up from my home in Skokie. Just seeing Large traumatized my daughter. My daughter was re- traumatized by these "federal mandated" visitations and after successful progress with one of the best sexual trauma therapist in the United States: Wendy Shankman.

As for Donna McMenamin, she excused herself, justifying that Sean Verschoore was "blood", failing to report incidents including that Sean Verschoore was watching pornography in the basement of his home with his then 3 or 4 year old blood daughter. Among, one of the reasons why Donna and Tom McMenamin had custody of Sean's daughter.

As a mandated reporter, I had to notify the Illinois Department of Children and Family Services. Copies of these event rest within the records of the State agency - IDCFS. Donna also gave me all the medical records of Jennifer Verschoore, which were handed to IDCFS' Janet Ahern (former) IDCFS Chief Deputy Counsel and GAL. IDCFS had to destroy the medical records per HIPAA law, "because the way the records were obtained. Neal McMenamin had procured the medical records of Jennifer Fenske illegally.

The State of Illinois Criminal Division then set to refile criminal charges against Sean Verschoore and gave me the disposition to file. Jennifer Fenske has spoken to RJM asking her not to file charges against Sean Verschoore.

**<u>NEXUS</u>**

Donna Dudasik was married to Thomas McMenamin, cousin of my (late) husband, Michael E. McCarthy and cousin of the late, Father Dowdle. My (late) sister in law Eileen McCarthy was married to Jerome Dudasik.

Donna and Eileen made arrangements for Jennifer Fenske to carry RJM for my husband and I. Michael and I were unable to conceive a child naturally after an incident while stationed abroad (US ARMY). Therefore the surrogacy/adoption. When Donna McMenamin found out that Plaintiff was practicing Judaism, she changed her mind. They has stated that they did not RJM in her home. Donna began to paid an apartment for Jennifer Fenske for the sole purpose to contest the adoption. While Jennifer was asking Ana McCarthy to take RJM, she was being paid to contest the adoption. The day Jennifer Fenske signed the relinquishment of parental rights, she was evicted, with her son, in the middle of the night. Note, that the reason the adoption went wrong: Sean Verschoore had asked for $30,000.00 and voiced it at the hospital. When the amount was not paid, he did take RJM and then rented a computer in Villa Park and attempted to sell RJM on the streets.

Plaintiff is considering asking this Court if the Writ of Mandamus' venue fall upon the jurisdiction of the United States Court of Appeals under 18 U.S.C. § 3771 (“**(3)** MOTION FOR RELIEF AND WRIT OF MANDAMUS.-The rights described in subsection (a)”)**(3)** MOTION FOR RELIEF AND WRIT OF MANDAMUS for the prosecution of Sean Verschoore. The rights described in subsection (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred. The district court shall take up and decide any motion asserting a victim's right forthwith. If the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2**
**Eastern Division**

Ana McCarthy

                Plaintiff,

v.                                  Case No.: 1:17–cv–07396 *SEALED*

                                       Honorable Virginia M. Kendall

State of Illinois

                Defendant.

## NOTICE OF MANDATORY INITIAL DISCOVERY

The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in the attached Notice which includes the (MIDP) Standing Order. Also attached is a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the attached documents (Notice to Parties and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third–Party Complaint is served.

NOTE: My husband, Michael E. McCarthy passed away the same day we signed the final   adoption papers. Unfortunately, under Illinois Compiled Statute 750 ILCS 50/14b and 20b. Michael could not be added as RJM's father. Only in private adoption if the father dies in the midsts of the adoption proceedings. However, Judge Ward Kirby instructions were to seek remedy in the Federal Courts as Michael E. McCarthy was a US ARMY Veteran and for the purpose of Veteran Benefits, RJM needs to be added as his daughter. See attached. Exhibit "A" and 750 ILCS 50/ adoption and Exhibit "B". Pleading were made in both Adoption Courts and the US Federal Courts and for the purpose of the emotional hardship to RJM and for the purposes of inheritance. (See attached)

The Defendant(s)
Defendant, Sean Verschoore, is a citizen of the State of Illinois.

If the defendant is an individual: The defendant, Jennifer Fenske, is a citizen of the State of Illinois.

If the defendant is an individual: The defendant, Elizabeth Verschoore, is a citizen of the State of Illinois.

Dated: February 1, 2024

Respectfully yours,


/s/ Ana McCarthy
Ana McCarthy
A resident of Illinois
Currently receiving correspondence at
209 Spencer Street
Apt. 2C
Brooklyn, NY 11205
+1 (312) 659-9627
Fax +1 (973) 834 8752
anamccarthy1@gmail.com

2120 - Served  
2220 - Not Served  
2320 - Served By Mail  
2420 - Served By Publication  
SUMMONS  

2121 - Served  
2221 - Not Served  
2321 - Served By Mail  
2421 - Served By Publication  
ALIAS - SUMMONS  

(2/28/11) CCG N001

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

No. _____

_McCarthy_

(Name all parties)

v.

_DCFS, et al_

17 CH 9571 ☑ **SUMMONS**  ☐ **ALIAS SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _2403_, Chicago, Illinois 60602 _at 10:00 am_

☐ **District 2 - Skokie**  
5600 Old Orchard Rd.  
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**  
2121 Euclid  
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**  
1500 Maybrook Ave.  
Maywood, IL 60153

☐ **District 5 - Bridgeview**  
10220 S. 76th Ave.  
Bridgeview, IL 60455

☐ **District 6 - Markham**  
16501 S. Kedzie Pkwy.  
Markham, IL 60428

☐ **Child Support**  
28 North Clark St., Room 200  
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _Pro-Se_  
Name: _Ana McCarthy_  
Atty. for: _Self_  
Address: _9101 Kolmar_  
City/State/Zip: _Skokie IL 60076_  
Telephone: _(312) 888-1002_  
Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

_____
**Clerk of Court**

Date of service: _____,  
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

(Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Petition of
Ana McCarthy

v.

No. 13 COAD 821

### ORDER

Motion to amend final judgment order of adoption is denied without prejudice pursuant to 750 ILCS 50/14b and 20b.

Attorney No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

ENTERED:

Dated: _____

```
ENTERED
JUDGE MAUREEN WARD KIRBY-1974
OCT 1 2 2017
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

Judge        Judge's No. #1979

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

10/12/2017

To Whom it May Concern.
Honorable Judge

## File Under Seal

This file pertains to the adoption
of a minor an exclusion of
her father, a US Army Veteran
who died in the process of adoption
Benefts, child must be added.
as Federal Statute.

℣
RECEIVED

OCT 12 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

McCarthy

10/12/2017